Filed 6/3/16  P. v. Ervin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C079634 |
| Plaintiff and Respondent, | (Super. Ct. No. CC031620) |
| v. | |
| MARCUS KHALANI ERVIN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marcus Khalani Ervin has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

BACKGROUND

In December 2013, defendant was an inmate at the California Correctional Center (CCC) in Lassen County.  Correctional Officers David Barker and Jake Wolcott were

1

conducting random searches for contraband on inmates in the visiting room to prevent drugs from being smuggled into the prison. The correctional officers noticed the inmates were not being properly searched before entering the bathrooms. The correctional officers went into the inmate restroom. When they entered they saw defendant sitting on the toilet with his pants below his buttocks and his hands between his legs. It looked suspicious to the officers because his pants were not where they would be if he were actually using the toilet. The air also smelled strongly of marijuana. As the officers moved toward defendant, he went to flush the toilet. Despite being ordered to put his hands on his head and not flush, defendant started to press the toilet valve. The officers pulled defendant off the toilet and down to the floor. As he was being handcuffed, defendant said, "It's not mine, I had nothing to do with it, it's not mine."

Officer Barker looked in the toilet and saw seven blue bindles and five pieces of plastic floating in the water. Officer Barker took photographs of the toilet and bathroom and collected the items in the toilet. The officers took defendant to the Investigative Services Unit (ISU) office, about 100 yards away. At that point, defendant claimed, "It's all mine, my wife had nothing to do with it. I take full responsibility." At the ISU office, Officer Wolcott noticed a small fleck of plastic or latex on defendant's lip that was similar to that which had been in the toilet. Officer Wolcott asked defendant what was on his lip. Instead of answering, defendant licked his lip and swallowed the plastic.

The blue bindles contained marijuana. The total net weight of the marijuana without the packaging was 44.1 grams. The smaller pieces of plastic did not contain marijuana, but Officer Barker surmised they might be used for packaging, as when marijuana is sold in prison, it is sold in very small quantities, approximately half a gram. A body search of defendant revealed he had a clear plastic latex type glove attached to his penis with clear lubricant material. Defendant was placed on "potty watch," but no other evidence was discovered.

2

An information charged defendant with possessing marijuana while he was an inmate in CCC. (Pen. Code, § 4573.6.) The information further alleged defendant had a prior conviction for a serious or violent felony. A jury found defendant guilty as charged. In bifurcated proceedings, defendant admitted the prior conviction.

The trial court sentenced defendant to the middle term of three years, doubled due to the prior conviction, for an aggregate term of six years, consecutive to his current term. The trial court imposed a $330 restitution fine (Pen. Code, § 1202.4, subd. (b)), and imposed and stayed an identical parole revocation fine (Pen. Code, § 1202.45). The trial court found defendant indigent and waived the other fines and fees.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

           NICHOLSON     , Acting P. J.

We concur:

       BUTZ           , J.

       DUARTE        , J.

3